DIXON, Judge.
Plaintiff seeks to recover, pursuant to R.S. 47:2110, ad valorem taxes paid under protest for 1967 and 1968. Plaintiff appeals from the judgment rendered denying the return of the 1967 taxes, and defendant appeals from the judgment ordering the return of the 1968 taxes.
*148 Plaintiff is a corporation domiciled in West Carroll Parish, engaged, according to the record, exclusively in agriculture and in clearing land for agricultural purposes. In April of 1967 plaintiff moved earth moving and land clearing equipment into Morehouse Parish, cleared a 10,000 acre tract of land, prepared it for agricultural use and removed the equipment to West Carroll Parish before November, 1967. This land was not owned by the plaintiff; plaintiff was paid for the work by the owner. The land was subsequently used for the production of soy beans and rice. The equipment used was described as being “some ten tractors” and “blades.”
In 1968 plaintiff leased two sections from the Morehouse Parish School Board for a term ending December 31, 1974. The consideration for the lease was the obligation of plaintiff to “clear the land of brush, trees and debris and have it ready for cultivation for the crop year 1970.” Plaintiff did clear the land and planned to farm it for the balance of the lease term.
Plaintiff’s machinery was assessed in Morehouse Parish in 1967 and 1968, and plaintiff paid, under protest, taxes of $496.30 and $925.00 for the respective years. The district court ordered the return of the 1968 taxes of $925.00, but held that the 1967 taxes were properly assessed.
In a written opinion, the district judge held that the use of the equipment for profit in clearing the land of another removed it from exempt status in 1967, but the use on plaintiff’s own (leased) farm land in 1968 in preparing it for agricultural use brought it within the provisions of the Constitution exempting agricultural machinery.
The Constitutional provision involved is Article 10, Section 4(3) of the Constitution of 1921- as amended by Act 623 of 1960, a part of which is:
“The following property, and no other, shall be exempt from taxation: “ * * * agricultural products while owned by the producer; agricultural implements used in the cultivation, production, and harvest of crops, as well as other machinery and equipment used exclusively for agricultural purposes, consistent with present day mechanized farm operations, * *
Prior to the adoption of the 1960 amendment the exemption was for:
“ * * * agricultural implements and farm improvements to the value of five hundred dollars; one wagon or cart; all cattle, livestock, * *
The evidence in the record establishes that the machinery here involved was used exclusively in agriculture or in the clearing and preparation of land for agricultural purposes. The only roads and ditches built were private, not public, not constructed under separate contract, and were for access to and drainage of fields prepared by the plaintiff for agriculture. Whether the machinery is used on the owner’s land or on the land of another is not made a test in the Constitutional provision. A plow is an “agricultural implement,” even if it is used to plow the field of another on shares, for wages or under some other contractual arrangement. If machinery is “used exclusively for agricultural purposes, consistent with present day mechanized farm operations,” the Constitution makes it exempt from taxation.
It is not necessary to pass on plaintiff’s other contention (that movable property can be taxed only at the domicile of the owner, or where it is located.on January 1 of each year).
The judgment of the district court is affirmed in part and reversed in part, and there is now judgment in favor of plaintiff-appellant, Janes Bros., Inc., and against defendant-appellant, Hughie Perry, Sheriff and Tax Collector of Morehouse Parish, in the full sum of $496.30 with 2% interest from May 15, 1968 until paid, and for the additional sum of $925.00 with 2% *149 interest from October 25, 1968 until paid, and for all costs.
WILLIAMS, J. dissents, with written reasons.